IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2017 NOV 15 P 1:31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MICHAEL VEASEY, | ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-783 |
| vs. | ) JURY DEMAND |
| MASSEY AUTOMOTIVE, INC., | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION

1. This case is brought pursuant to the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §12101 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331.

2. Plaintiff timely filed his charge with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has filed this suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

### II. PARTIES

3. Plaintiff Michael Veasey ("Plaintiff") is an adult citizen of the United States and a resident of Andalusia, Alabama.

4. Defendant Massey Automotive, Inc. ("Defendant") is a corporation located in Andalusia, Covington County, Alabama and an employer as that term is contemplated under the ADA.

### III. FACTS

5. Paragraphs 1-4 above are incorporated by reference.

6. Defendant owns and operates an automotive dealership in Andalusia, Alabama.

7. In or about May of 2015, Plaintiff became employed by Defendant as a salesperson at the dealership.

8. Joey Langley was and is Defendant's owner.

9. Langley worked at the dealership and oversaw operations on a daily basis.

10. Under Langley was Josh Short, General Sales Manager.

11. At the time Plaintiff was hired, and all times subsequent to the present, Plaintiff had and has the medical conditions postural orthostatic tachycardia syndrome and chronic atrial fibrillation.

12. At the time of Plaintiff's hire, Short was aware of Plaintiff's medical conditions.

13. Plaintiff required regular medical treatment for these conditions.

14. Plaintiff had to see a medical specialist in Panama City, Florida on a monthly basis and a cardiologist in Andalusia every two weeks.

15. Plaintiff's visits to his cardiologist, who was local, did not take much time, if any, time from Plaintiff's work. Plaintiff's visits to his specialist in Panama City required Plaintiff to take off a half day most of the time.

16. Sometime in mid-2016, Defendant hired Mark Valletta as Sales Manager at the dealership.

17. Valletta then became Plaintiff's direct supervisor.

18. Shortly after Valletta was hired, Plaintiff informed Valletta of his medical conditions and his need for regular medical treatment.

19. Valletta would thereafter question Plaintiff why he had to see his specialists and made negative comments about Plaintiff's leaving work to do so.

20. Valletta and Short would call Plaintiff while he was at appointments with his specialists, telling him to hurry up and asking him when he was coming back to work.

21. Valletta further told Plaintiff that he did not need to be working at the dealership with his disability.

22. In or about late October of 2016, Short told Plaintiff that his having to see the medical specialists was "getting old."

3

23. On or about November 2, 2016, Plaintiff was not scheduled to work.

24. Plaintiff came into the dealership that day to meet a customer who wanted to buy a car.

25. Plaintiff was wearing jeans at the time.

26. Valletta and Short yelled and cursed at Plaintiff, telling him that he could not wear jeans at the dearlership.

27. Plaintiff told them it was his day off and he was just coming in to meet a customer.

28. Further, other employees, including sales people, wore jeans while working at the dealership.

29. Short and Vellatta told Plaintiff that he was terminated.

30. Plaintiff went to Langley and told Langley that Short and Vellatta had fired him for coming to work in jeans on his day off.

31. Langley said Plaintiff could wear jeans that day.

32. Langley called Short to the office and asked him what was going on.

33. Short told Langley that Plaintiff was fired.

34. Langley told Plaintiff that he was standing behind Short.

## IV. CAUSES OF ACTION

## COUNT I

## ADA

35. Paragraphs 1-34 are incorporated herein.

36. Plaintiff's postural orthostatic tachycardia syndrome and chronic atrial fibrillation constituted physical impairments under the ADA.

37. Due to these impairments, Plaintiff was and is substantially limited with respect to major life activities, including operation of his cardiovascular system.

38. Plaintiff was and is disabled under the ADA.

39. Plaintiff was a qualified individual able to perform the essential functions of his position, with accommodation.

40. Defendant violated Plaintiff's rights under the ADA by terminating his employment because of (a) his disability and/or (b) retaliation for his having sought a reasonable accommodation for his disability in taking time off from work to obtain medical treatment for his disability.

41. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

*/s/ Adam M. Porter*

Adam M. Porter
Attorney for Plaintiff
State Bar. No. ASB-2472-P75A
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Telephone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

*/s/ Adam M. Porter*

Attorney for Plaintiff

<u>Defendant's Address</u>:
Massey Automotive, Inc.
c/o Joseph Langley, Secretary
600 W Bypass
Andalusia, AL 36420